

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2006

# Anderson v. Snyder

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5416

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Anderson v. Snyder" (2006). *2006 Decisions*. Paper 773.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/773

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-254                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5416
_____

BERNARD ANDERSON,

Appellant

v.

CHRISTOPHER A. SNYDER,
(Department of Corrections;
Private Medical Doctor)
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-01543)
District Judge: Honorable Michael M. Baylson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 22, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, <u>CIRCUIT JUDGES</u>

(Filed:  July 7, 2006)

_____

OPINION
_____

PER CURIAM

Bernard Anderson appeals the order of the United States District Court for the

Eastern District of Pennsylvania dismissing his complaint for failure to state a claim upon

which relief can be granted. For the reasons stated below, we will dismiss this appeal as meritless.

Anderson, a prisoner at SCI-Graterford, sought to file a complaint against Dr. Christopher A. Snyder under 42 U.S.C. § 1983 on April 5, 2005. In connection with a previous lawsuit in which Anderson alleged that the prison had demonstrated deliberate indifference to a serious medical need in violation of the Eighth Amendment, the District Court ordered that Anderson be examined by a private dermatologist. Pursuant to that order, Anderson was examined by Dr. Snyder, who diagnosed him with genital warts and recommended treatment with a topical cream. Anderson then sought to file a complaint against Dr. Snyder, asserting that Dr. Snyder incorrectly diagnosed his condition, committed fraud by providing false information to the District Court, violated Anderson's 8th Amendment rights by not conducting a thorough medical examination, and violated his 14th Amendment rights by deliberately providing the District Court with fraudulent information regarding Anderson's medical condition in connection with Anderson's original civil action against the prison.

The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915 based on its conclusion that Dr. Snyder was not a state actor and that there was no other possible basis for Anderson to sue Dr. Snyder in federal court. Anderson then attempted to restate his claim, and because the complaint had not specifically been dismissed with prejudice,

the Court treated it as though it had been dismissed without prejudice.[1]  Defendant filed a motion to dismiss, which the District Court granted, holding that Anderson had failed to remedy the defects in the original complaint.  This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because Anderson has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Anderson has failed to allege that Dr. Snyder committed a constitutional violation.  Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Mere allegations of negligence, or medical malpractice, as present here, do not give rise to an Eighth Amendment violation.  See id.; Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).  Our caselaw makes it clear that medical personnel are afforded considerable latitude in the diagnosis and treatment of prisoners' ailments.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).  Because Anderson has failed to allege any actions by Dr. Snyder that would rise to the level of a constitutional violation, he has failed to state a claim pursuant to § 1983.

---

[1]    Anderson did not file an amended complaint, but rather a series of documents he referred to as "Affidavits of Truth."

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).